
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-506

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| SHARITA MATHIS RICHARDSON ) | |
| ) | |

The United States Attorney charges that:

### Introduction

1. Beginning no later than in or about January 2012, and continuing until at least in or about February 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SHARITA MATHIS RICHARDSON, conspired with others, known and unknown to the United States Attorney, in a scheme to defraud the North Carolina Medicaid Program by submitting false and fraudulent reimbursement claims for non-existent services and submitting claims that misrepresented the services actually provided to Medicaid beneficiaries, if any, in order to earn greater reimbursement than was owed.

### The North Carolina Medicaid Program

2. The North Carolina Medicaid Program is a state-administered program aided by federal funds.

3. Medicaid helps pay for reasonable and medically necessary services for qualifying, enrolled individuals and their families, referred to herein as

"beneficiaries." Covered services include mental and behavioral health services provided on an outpatient basis.

4. The North Carolina Medicaid Program is administered by the North Carolina Department of Health and Human Services, Division of Health Benefits (formerly known during times relevant to this Information as the Division of Medical Assistance), which oversees mental health providers throughout the state who receive payments from Medicaid. The North Carolina Medicaid Program includes both traditional Medicaid and the North Carolina Health Choice for Children insurance program ("NCHC") (the North Carolina Medicaid Program, the Division of Health Benefits, and NCHC are collectively referred to herein as "Medicaid").[1]

5. If qualified, an individual can enroll as a Medicaid beneficiary. At the time of enrollment, a beneficiary receives a unique alphanumeric code issued by the program, known as a Medicaid Identification Number. Each beneficiary can be identified by reference to their Medicaid Identification Number and may use the number to receive covered services.

6. Medicaid beneficiaries receive services from practitioners ("rendering providers") and companies ("billing providers"). Once a rendering provider or billing provider enrolls with Medicaid, the program issues a unique number to the provider, known as a "provider number." Rendering and billing providers must also obtain a federal identification number, known as a National Provider Identifier or "NPI"

---

[1] The Health Choice program supports families whose household income is too high to qualify for traditional Medicaid benefits and too low to afford private or employer-sponsored health insurance.

number. All Medicaid providers must certify that they will only bill the government for services that they actually render.

7. After a rendering provider renders a covered medical service to a Medicaid beneficiary, the billing provider may bill Medicaid for the reasonable and necessary costs of the service. To bill Medicaid, providers generally send an electronic claim to the program. In North Carolina, electronic claims are submitted through Medicaid's online provider portal, referred to as "NCTracks." Providers may also hire third-party billing companies or contractors to perform the task of submitting claims to Medicaid for payment.

8. Medicaid providers are permitted to bill for outpatient health services only where certain objective criteria have been met. Medicaid requires providers to adhere to Current Procedural Terminology ("CPT") codes to determine whether these objective criteria have been met prior to billing Medicaid for those services. Under Medicaid regulations, certain procedures, such as medical evaluation and management services, can only be provided by specified medical professionals, such as a physician, nurse practitioner, or physician's assistant.

9. The claim generally includes, but is not limited to, the date of the alleged service, the Medicaid Identification Number of the beneficiary, the nature of the service rendered (including the CPT code for the service), and the provider number or federally-issued NPI number. The electronic claim is generally all that is required to receive payment from Medicaid.

3

10. While Medicaid may reject a claim if, for example, the provider or beneficiary is not enrolled, Medicaid typically presumes the truth of each claim and generally pays providers for the services that they bill. In other words, Medicaid entrusts its providers to submit claims only for services that they actually perform.

11. Medicaid providers are required to maintain service notes and other medical records for a period of five years in order to document and substantiate any claims for reimbursement.

12. Medicaid is a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

## The Health Care Fraud Conspiracy

13. Beginning no later than in or about January 2012, the defendant, SHARITA MATHIS RICHARDSON, conspired with other persons, known and unknown to the United States Attorney, in a scheme to defraud Medicaid by seeking and obtaining payment from Medicaid for claims for outpatient behavioral health services purportedly provided to Medicaid beneficiaries that were false and fraudulent in one or more material respect.

14. Specifically, SHARITA MATHIS RICHARDSON and others conspired to submit claims to Medicaid for fictitious services that were never provided to the beneficiaries. Among other things, the services were often backdated to appear as if they had occurred up to 90 days prior to the date the claims were submitted to Medicaid, a practice known as "back-billing." In truth, as the conspirators well knew and believed, the beneficiaries never received any services at all.

4

15. SHARITA MATHIS RICHARDSON and others also conspired to submit claims to Medicaid that, to the extent any services were actually provided to beneficiaries, misrepresented the nature of the services rendered in order to earn more in Medicaid reimbursements than was actually owed, a practice known as "up-coding."

16. It was also a part of the conspiracy that, in an effort to obstruct possible Medicaid audits, the conspirators generated and/or used false and fraudulent patient records that were required to be kept and maintained by Medicaid outpatient behavioral health service providers, including comprehensive clinical assessments, treatment plans, and progress and services notes.

17. During the course of the conspiracy, SHARITA MATHIS RICHARDSON and others submitted, caused to be submitted, and aided in the submission of thousands of false and fraudulent claims to Medicaid for services purportedly provided to Medicaid beneficiaries by and through various business entities in North Carolina.

## COUNT ONE

18. The United States Attorney realleges and incorporates by reference herein all of the foregoing allegations of this Bill of Information and further alleges that beginning no later than in or about January 2012, and continuing until at least in or about February 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SHARITA MATHIS RICHARDSON, did knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the United States

5

Attorney, to commit an offense against the United States, that is, health care fraud, in violation of Title 18, United States Code, Section 1347.

## Object of the Conspiracy

19. It was a part and object of the conspiracy that the defendant, SHARITA MATHIS RICHARDSON, and other persons, known and unknown to the United States Attorney, having devised the above-described scheme and artifice, to defraud and to obtain by means of materially false and fraudulent pretenses, representations, and promises, any of the money owned by and under the custody and control of a health care benefit program, as defined in Title 18, United States Code, Section 24, in connection with the delivery of, and payment for, health care benefits, items, and services, by submitting and causing to be submitted false and fraudulent claims to the North Carolina Medicaid Program, a violation of Title 18, United States Code, Section 1347.

## Manner and Means

Among the manner and means used to effect and accomplish the purpose of the conspiracy included, but were not limited to, the following:

20. The conspirators, including SHARITA MATHIS RICHARDSON, carried out the conspiracy through the manner and means described in the foregoing paragraphs of this Bill of Information, among others.

All in violation of Title 18, United States Code, Section 1349.

6

## FORFEITURE NOTICE

The defendant, SHARITA MATHIS RICHARDSON, is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense alleged in this Criminal Information, the defendant, SHARITA MATHIS RICHARDSON, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

The forfeitable property includes, but is not limited to, the gross proceeds traceable to the commission of the offense personally obtained by the defendant, SHARITA MATHIS RICHARDSON, in the amount of at least $336,636.

If any of the property described above, as a result of any act or omission of the defendant:

>(1) cannot be located upon the exercise of due diligence;
>
>(2) has been transferred or sold to, or deposited with, a third party;
>
>(3) has been placed beyond the jurisdiction of the court;
>
>(4) has been substantially diminished in value; or
>
>(5) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

ROBERT J. HIGDON, JR.
United States Attorney

_____
ADAM F. HULBIG
Assistant United States Attorney
Criminal Division

Date: November 9, 2020